Myrlande VOLMAR, Plaintiff–
Appellant,

v.

NORTH SHORE HOSPITAL,
Defendant–Appellee.

No. 06–1044–cv.

United States Court of Appeals,
Second Circuit.

Feb. 13, 2007.

Paula Johnson Kelly, Goodstein & West,
New Rochelle, N.Y., for Appellant.

Mark A. Gloade, North Shore–Long Is-
land Jewish Health System Office of Legal
Affairs, Great Neck, N.Y., for Appellee.

Present: Honorable AMALYA L.
KEARSE, Honorable SONIA
SOTOMAYOR, Circuit Judges, Honorable
JOHN G. KOELTL, District Judge.*

* Honorable John G. Koeltl, of the United States
District Court for the Southern District of
New York, sitting by designation.

### SUMMARY ORDER

Plaintiff Myrlande Volmar appeals from a judgment of the United States District Court for the Eastern District of New York, Joanna Seybert, *Judge,* dismissing with prejudice her amended complaint asserting claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Volmar acknowledges that "it is evident the lower court properly analyzed the federal claims" (Volmar brief on appeal at 7), but she contends that "her pendent state claim" (*id.* at 2) should not have been dismissed with prejudice. To the extent that the amended complaint alleged a state-law claim, we agree, and we conclude that the judgment should be modified to clarify the basis for the dismissal of any state-law claims.

In the district court, Volmar, proceeding *pro se,* filed her amended complaint on a form provided by that court. The form states, in pertinent part, that "[j]urisdiction is specifically conferred upon this United States District Court by the [federal statutes set out earlier in the form], as well as 28 U.S.C. §§ 1331, 1343," and that "[j]urisdiction may also be appropriate under [certain other federal statutes] and any related claims [*sic*] under New York law." Although Volmar, in filling out such a form for her original complaint, alleged that there had been "misconduct" and "retaliation," and cited "Title VII of the Civil Rights Act of 1964" and the "Americans with Disabilities Act of 1990," the only mention of state law was in the above-quoted language of the pre-printed portion of the form dealing with jurisdiction. In her amended complaint, Volmar provided a more detailed recitation of her allegations,

without any accompanying citations. In her amended complaint, as in the original complaint, she checked lines on the form indicating that she asserted claims under Title VII and the ADA; and as in the original complaint, the only mention of state law appeared in the pre-printed section of the form dealing with jurisdiction. Although a plaintiff is not required to plead the law, it is clear that Volmar asserted federal claims and unclear that she asserted a claim under state law.

Further, it seems plain that the district court interpreted the amended complaint as asserting only federal claims. The sole basis for defendant's motion to dismiss was that the action was untimely because Volmar had failed to commence it within the 300–day period required for claims asserted under Title VII and the ADA. An analogous state-law claim would be governed by a longer limitations period. The district court dismissed the action because it was not filed within the 300–day period.

In an action in which the federal court has jurisdiction by reason of the presence of federal-law claims, the court may exercise supplemental jurisdiction (which has its origins in the judicial doctrine of pendent jurisdiction) over related claims asserted under state law. *See* 28 U.S.C. § 1367(a). It is well established, however, that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Thus,

> in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—

138

judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction....")"; *Valencia ex rel. Franco v. Lee,* 316 F.3d 299, 304–05 (2d Cir.2003).

In the present case, therefore, once Volmar's federal claims were dismissed on motion, any alleged state-law claims should have been dismissed without prejudice on the ground that the district court declined to exercise supplemental jurisdiction over them. Although it is not clear to us that state-law claims were asserted, we direct that the judgment be modified to clarify that the dismissal of any asserted state-law claim is based on a lack of jurisdiction. Such a dismissal does not foreclose Volmar's pursuit of such a state-law claim in state court.

The judgment of the district court is modified in accordance with the foregoing and, as modified, is affirmed.