09-2860-cv
Pugh-Perry v. New York City Human Resources Administration

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand and ten.

PRESENT:

> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
>     *Circuit Judges*,
> JOHN G. KOELTL,
>     *District Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBIN G. PUGH-PERRY,

> *Plaintiff-Appellant*,

> -v.-                                                    No. 09-2860-cv

NEW YORK CITY HUMAN RESOURCES ADMINISRTATION,

> *Defendant-Appellee*.[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] The Honorable John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption of this action to conform to the caption listed above.

**FOR PLAINTIFF-APPELLANT:**        ROBIN G. PUGH-PERRY, *pro se*, Jersey City, NJ.

**FOR DEFENDANT-APPELLEE:**      SCOTT SHORR, Senior Counsel, Appeals Division (Michael A. Cardozo, Corporation Counsel, *on the brief*), The City of New York Law Department, New York, NY.

Appeal from a June 2, 2009 judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **MODIFIED**, and as modified is **AFFIRMED**.

Plaintiff-Appellant Robin G. Pugh-Perry, proceeding *pro se*, brought this action against the New York City Human Resources Administration, alleging that she was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. The District Court dismissed the complaint for failure to state a claim upon which relief can be granted because it is time-barred pursuant to 42 U.S.C. § 2000e-5(f)(1). Pugh-Perry filed a timely appeal. On appeal, Pugh-Perry argues that the District Court erred in declining to apply the doctrine of equitable tolling and in denying her leave to amend her complaint. She also argues that the District Court erred in dismissing her claims under the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq*. We assume the parties' familiarity with the underlying facts and procedural history of the case.

*Pugh-Perry's Federal Claim*

We review *de novo* a District Court's dismissal for failure to state a claim, assuming all well-pleaded, nonconclusory factual allegations in the complaint to be true, *see, e.g., Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted).

Having conducted a *de novo* review, we conclude, for substantially the reasons stated by the District Court, *Pugh-Perry v. N.Y.C. Human Res. Admin.*, No. 07-CV-4050 (E.D.N.Y. June 2, 2009), that Pugh-Perry has not demonstrated the type of extraordinary circumstances that would merit the application of equitable tolling in this case. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (placing the burden on the plaintiff to demonstrate that equitable tolling should be applied, and noting that vague or conclusory assertions are "insufficient to justify any further inquiry into tolling"). Just as the Supreme Court observed in *Baldwin Cnty Welcome Ctr. v. Brown*:

> This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction. The simple fact is that [Pugh-Perry] was told [several] times what she must do to preserve her claim, and she did not do it. One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.

466 U.S. 147, 151 (1984) (internal citations omitted). We therefore hold that the District Court correctly dismissed her Title VII claim as time-barred.

We review the District Court's denial of leave to amend for "abuse of discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has abused its discretion if it [has] based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (citation, alterations, and quotation marks omitted). "Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend 'shall be freely given when justice so requires,' it is within the sound discretion of the district court to grant or deny leave to amend." *McCarthy*, 482 F.3d at 200.

The District Court denied leave to amend because it found that amendment would have been futile. *Pugh-Perry*, No. 07-CV-4050, at *4. We agree. While Pugh-Perry's appellate briefs contain no indication of the manner in which she might amend the complaint, to the extent, as the District Court suggests, *Pugh-Perry*, No. 07-CV-4050, at *3, that Pugh-Perry seeks to amend the complaint to add additional allegations of "retaliatory harassment," those allegations would not cure the defect in the original complaint—that is, that the complaint was time-barred. Because "[i]t is well-established that one good reason to deny leave to amend is . . . when the additional information does not cure the complaint," *Mortimer Off Shore Svs., Ltd. v. Federal Republic of Germany*, 615 F.3d 97, 114 (2d Cir. 2010) (internal quotation marks and alternations omitted), we cannot conclude that the decision to deny her leave to amend was outside the range of permissible decisions available to the District Court. *See Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006).

*Pugh-Perry's Pendent State Law Claims*

On appeal, Pugh-Perry also claims that the District Court erred in dismissing with prejudice her pendent claim under the New York City administrative code. However, neither the Magistrate Judge's Report and Recommendation ("R&R") nor the District Court's order adopting

the R&R in its entirety addressed any aspect of Pugh-Perry's complaint other than the timeliness of her Title VII claim and her argument regarding equitable tolling as discussed above. Accordingly, because it is well settled that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law," *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), Pugh-Perry's putative claim under the New York City administrative code—which would be governed by a different statute of limitation—should have been dismissed without prejudice on the ground that the District Court declined to exercise supplemental jurisdiction over it. We therefore direct that, to the extent Pugh-Perry asserted a claim under the New York City administrative code—a question on which we intimate no view—the judgment should be modified to clarify that the dismissal of any such asserted claim is based on a lack of jurisdiction. Such a dismissal does not foreclose Pugh-Perry's pursuit of such a claim in the appropriate forum.

## **CONCLUSION**

We have considered each of Pugh-Perry's arguments on appeal and find them to be without merit. For the reasons stated above, we **MODIFY** the judgment of the District Court, and as modified the judgment of the District Court is **AFFIRMED**.

FOR THE COURT
Catherine O'Hagan Wolfe, Clerk

4