09-4133-pr
Ross v. Goord

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand eleven.

PRESENT:

WILFRED FEINBERG,
DEBRA ANN LIVINGSTON,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges*.

_____

MICHAEL A. ROSS,

        *Plaintiff-Appellant*,

        v.                    09-4133-pr

ROBERT WOODS, Superintendent, *et al*.,

        *Defendants-Appellees*,

GLENN GOORD, Commissioner, *et al*.,

        *Defendants*.

_____

FOR APPELLANT:        Michael A. Ross, *pro se*, Comstock, NY.

FOR APPELLEES:        Eric T. Schneiderman, Attorney General of the State of New York; Andrea Oser, Deputy Solicitor General; Martin A. Hotvet, Assistant Solicitor General (*on the brief*), New York, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, *J*.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **MODIFIED**, and, as modified, is **AFFIRMED**.

Appellant Michael A. Ross, proceeding *pro se*, appeals the district court's judgment granting the defendants' motion for summary judgment and dismissing his complaint. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, Ross argues only that the defendants are liable for his losses under a theory of fraudulent misrepresentation. Accordingly, he has abandoned the constitutional claims under 42 U.S.C. § 1983 that the magistrate judge and district court read into his amended complaint. *See Cruz v. Gomez*, 202 F.3d 593, 596 n.3 (2d Cir. 2000) ("When a litigant — including a *pro se* litigant — raises an issue before the district court but does not raise it on appeal, the issue is abandoned."). Because the fraudulent misrepresentation claim that Ross raises on appeal solely presents an issue of state law, *see Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 186-87 (2d Cir. 2004) (stating the elements of a fraudulent misrepresentation claim under New York law), this claim cannot be brought under § 1983, which "provides a remedy only for the deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002).

Although district courts may exercise supplemental jurisdiction over certain state law claims, *see* 28 U.S.C. § 1367(a), district courts "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction," *id.* at § 1367(c)(3). In fact, dismissal of pendent state law claims under such circumstances is

generally appropriate, as "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Thus, where, as here, the district court dismissed a plaintiff's federal law claims and entered judgment in the defendants' favor without explicitly addressing any pendent state law claims, and the plaintiff raises an issue involving a pendent state law claim on appeal, we have modified the district court's judgment to clarify that the dismissal of any asserted state law claim is based on a lack of jurisdiction, and, if appropriate, affirmed the district court's judgment as modified. *See, e.g.*, *Powell v. Gardner*, 891 F.2d 1039, 1047 (2d Cir. 1989); *see also Pugh-Perry v. New York Human Resources Admin.*, No. 09-2860-cv, 2010 WL 4846539, at *2-*3 (2d Cir. Nov. 30, 2010) (summary order); *Volmar v. North Shore Hosp.*, 216 F. App'x 136, 137-38 (2d Cir. 2007) (summary order). We therefore direct that, to the extent Ross asserted a fraudulent misrepresentation claim under New York law, the judgment should be modified to clarify that the dismissal of any such claim is based on a lack of jurisdiction.

Accordingly, the judgment of the district court is hereby **MODIFIED**, and, as modified, is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3