**Benjamin CRUZ, Plaintiff–Appellant,**

v.

**Giovanny GOMEZ, I/O and Classification Committee, Defendants–Appellees.**

**No. 904, Docket 99–0129.**

United States Court of Appeals, Second Circuit.

Argued Nov. 3, 1999.

Decided Jan. 26, 2000.

Benjamin Cruz, pro se, Somers, CT, Plaintiff–Appellant.

Madeline A. Melchionne, Assistant Attorney General for the State of Connecti-

cut, Hartford, CT, for Defendants–Appellees.

Before: JACOBS, McLAUGHLIN, and SACK, Circuit Judges.

JACOBS, Circuit Judge:

Plaintiff-appellant Benjamin Cruz, *pro se* and incarcerated, appeals a judgment of the United States District Court for the District of Connecticut (Dorsey, *J.*) dismissing Cruz's 42 U.S.C. § 1983 claim against certain prison officials. The district court *sua sponte* dismissed Cruz's complaint for failure to state a claim on which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint alleges that defendants-appellees Giovanny Gomez and the members of the Facility Classification Review Committee violated Cruz's rights under the Double Jeopardy Clause and the Due Process Clause (as incorporated by the Fourteenth Amendment). On appeal, Cruz argues that the district court erred in dismissing the complaint insofar as it seeks to state a due process claim.

We vacate the district court's dismissal of Cruz's complaint and remand for further proceedings.

## Background

### A. Facts

For present purposes, the allegations of the complaint are assumed to be true.

Sometime prior to May 1998, Benjamin Cruz was placed in administrative segregation and close custody status at Northern Correctional Institution in Somers, Connecticut ("Northern"). Release to the general prison population from these restrictive housing programs is conditioned on the segregated prisoner's completion of a three-phase reintegration program. An inmate who has received a Class A disciplinary report in the prior 120 days cannot move from phase one to phase two.

On May 6, 1998, while in administrative segregation, Cruz was charged with assaulting a corrections officer. On May 29, 1998, Cruz was found guilty by a disciplinary hearing officer and sentenced to thirty days of punitive segregation. On October 6, 1998, Northern's Facility Classification Review Committee ("Committee") denied Cruz a promotion from phase one to phase two of the reintegration program. The Committee met "behind closed doors," and based its decision solely on the assault. As a result, the period of administrative segregation may have been prolonged for eighteen months.[1] Cruz appealed to the warden, Giovanny Gomez, but received no response (at least as of the date of the complaint).

### B. Procedural Background

The *pro se* complaint alleges under 42 U.S.C. § 1983 that Gomez and the members of the Committee subjected Cruz to double jeopardy when they denied his progress to phase two because of his previous assault on the corrections officer, an offense for which he had already been punished. The complaint also alleges that Cruz was "not afford[ed] ... any due process guaranteed by law." Cruz sought injunctive, declaratory, compensatory, and punitive relief.[2]

---

1. The extent to which Cruz's segregation was prolonged is not clear from the complaint. Paragraph 5 alleges that the Committee's decision delayed "progression from phase one into phase two for an extra 120 days"; Paragraph 7 alleges that the denial "is subjecting Mr. Cruz to an additional minimum of another 18 months in disciplinary segregation." Because we "draw all reasonable inferences in favor of the plaintiff," *King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999), we assume that the two allegations can be reconciled and that the relevant period is eighteen months.

2. The complaint names Gomez and the Committee as defendants in both their official and individual capacities. The claim for damages lies only against the defendants in their personal capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); *Dube v. State Univ. of New York*, 900 F.2d 587, 594–95 (2d Cir. 1990). Cruz may seek injunctive and declara-

■ The district court granted Cruz leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a), and then *sua sponte* dismissed the action for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii). Construing the complaint as alleging double jeopardy only, the court held that Cruz had stated no constitutional claim because jeopardy does not attach at prison disciplinary or classification hearings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."); *United States v. Hernandez–Fundora*, 58 F.3d 802, 806–07 (2d Cir. 1995) (holding that prison disciplinary actions do not bar subsequent criminal prosecution except in "exceedingly rare circumstances"). The court did not consider whether the complaint alleged a due process violation.[3] This appeal followed.

### Discussion

#### A. Standard of Review

■ Dismissals under § 1915(d) were once within the discretion of the district court and thus reviewed for abuse of that discretion. *See, e.g., Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). However, in 1996 Congress enacted the Prison Litigation Reform Act, Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act, Pub.L. No. 104–134, 110 Stat.

1321 (1996), which redesignated § 1915(d) as § 1915(e) and provided that dismissal for failure to state a claim is mandatory. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 436–37 (2d Cir.1998). This Court has not decided what standard of review applies to such dismissals: the § 1915(d) abuse of discretion standard, or the *de novo* standard applicable under Rule 12(b)(6). *See Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 650 (2d Cir.1998). We need not reach this question here,[4] because even under review for abuse of discretion, the district court erred by affording no opportunity for Cruz to amend his complaint to cure the deficiencies in his due process claim.

#### B. Due Process

The district court did not overlook a well-pleaded due process claim. Based on our review of the complaint, the allegations concerning due process are insufficient to state a claim on which relief may be granted. Ordinarily, we would affirm the dismissal (albeit for reasons different than those stated by the district court), but because Cruz was afforded no opportunity to amend, we instead vacate and remand. *See Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795–96 (2d Cir.1999).

■ In evaluating Cruz's complaint, we must accept as true all factual allegations in the complaint and draw all reasonable inferences in Cruz's favor. *See King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999).

---

tory relief against the defendants in their official capacity because "official-capacity actions for prospective relief are not treated as actions against the State." *Will*, 491 U.S. at 71 n. 10, 109 S.Ct. 2304 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)) (internal quotation marks omitted).

3. Cruz does not appeal the dismissal of his double jeopardy claim. When a litigant—including a *pro se* litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned. *See Lo-Sacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995).

4. Each of our sister Circuits to address this issue has held that the *de novo* standard governs § 1915(e)(2)(B)(ii) dismissals. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir.1999); *Harper v. Showers*, 174 F.3d 716, 718 n. 3 (5th Cir.1999); *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir.1999); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997); *Mitchell v. Farcass*, 112 F.3d 1483, 1489–90 (11th Cir.1997); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir.1996).

Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998).

■ Although the thrust of Cruz's complaint is the (now abandoned) double jeopardy claim, courts must construe *pro se* pleadings broadly, and interpret them "to raise the strongest arguments that they suggest." *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir.1996) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)) (internal quotation marks omitted). The complaint states that Cruz was "not afford[ed] ... any due process guaranteed by law" when the Committee denied his promotion into phase two of the reintegration program. Cruz repeats this allegation when he demands a declaration that any future denials by the Committee "similar to the one found in this complaint ... do not afford prisoners due process." The district court should have construed Cruz's complaint to raise the arguments that the Committee violated his due process rights by (i) imposing an excessive punishment for the form of disciplinary hearing that was held, and (ii) deciding to prolong his stay in restrictive housing "behind closed doors" (circumstances not otherwise specified).

■ In order to state a claim for denial of procedural due process, however, a prisoner must allege that he possessed a protected liberty interest, and was not afforded the requisite process before being deprived of that liberty interest. *See Bedoya v. Coughlin,* 91 F.3d 349, 351–52 (2d Cir.1996). To determine the existence of a protected liberty interest, we apply a two-part test. *See Arce v. Walker,* 139 F.3d 329, 334 (2d Cir.1998). First, the prisoner must establish that the confinement or re-

straint complained of creates an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Second, the prisoner must establish that "the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint." *Frazier v. Coughlin,* 81 F.3d 313, 317 (2d Cir.1996).

■ Even after allowing for due deference to a *pro se* plaintiff, Cruz's conclusory allegations of a due process violation are insufficient. Cruz does not sufficiently allege either part of a due process claim. He makes no allegations at all concerning the conditions of his confinement in administrative segregation. *See Arce,* 139 F.3d at 335 ("[T]he *degree* and duration of an inmate's restraint are the key considerations to determine the existence of a state-created liberty interest." (emphasis added)). Nor is it alleged that the state of Connecticut has somehow created a liberty interest in the phased end of administrative segregation. *See Frazier,* 81 F.3d at 317. Cruz simply cannot recover under § 1983 without alleging that a protected liberty interest has been violated. No doubt for these reasons, the district court overlooked this vague effort to express a due process claim.

■ However, we cannot rule out the possibility that Cruz could amend his complaint in this case to state a valid claim under the Fourteenth Amendment. In *Gomez v. USAA Federal Savings Bank,* we held that:

Although the language of § 1915 is mandatory ... we conclude that a *pro se* plaintiff who is proceeding *in forma pauperis* should be afforded the same opportunity as a *pro se* fee-paid plaintiff to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an

amended complaint would succeed in stating a claim.

171 F.3d at 796.

### Conclusion

We therefore vacate the judgment and instruct the district court to entertain any timely motion for amendment of the complaint.[5] *See id.; see also Branham v. Meachum,* 77 F.3d 626, 630 (2d Cir.1996) (vacating the dismissal of a due process claim in part because the plaintiff was *pro se* and deserved a second chance to amend his complaint). The district court can then decide whether Cruz has stated a due process claim.[6]

---

**5.** On appeal, Cruz has moved to amend his complaint in order to flesh out his due process claim. The district court is the proper forum for a litigant to submit an amended complaint, and in light of our decision to remand, Cruz's motion is denied.

**6.** On remand, the district court should be able to consider arguments made by the defendants as to the due process claim, something this Court was unable to do on appeal.