Jeffrey A. NELSON, Plaintiff–Appellant,

v.

Byron RODAS, Carl Koenigsmann, E. Liciero, J. Joseph, Charles Greiner, Jeff McKoy, Gayle Haponik, nfn Kohler, Barry Barizone, Jim Lawyer, James Weckesser, Kordougber, John Ross, Michael N. Nagy, Jim Temple, Alvin Thomas, Frank Meeuwisse, Charles Butenhoff. John Doe, Defendants–Appellees,

Glenn S. Goord, Eliot Spitzer, Defendants.

No. 04–4376–PR.

United States Court of Appeals, Second Circuit.

June 1, 2005.

Jeffrey A. Nelson, Pine City, N.Y. (On submission), for Plaintiff–Appellant, pro se.

Eliot Spitzer, Attorney General of the State of New York, New York, N.Y. (Michael S. Belohlavek, Deputy Solicitor General, and David Lawrence III, Assistant Solicitor General), (On submission), for Defendants–Appellees, of counsel.

Present: CALABRESI, KATZMANN, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff–Appellant Jeffrey A. Nelson ("Nelson"), proceeding *pro se,* is a prisoner at the Green Haven Correctional Facility ("Green Haven"). He filed the instant civil rights action in the Southern District of New York against various officials and medical care providers at Green Haven, alleging, that the Defendants–Appellees violated, *inter alia,* his Eighth Amendment right to adequate medical care.[1] The district court granted summary judgment to the Defendants–Appellees on all of Nel-

son's claims, and dismissed Nelson's complaint in its entirety.

We assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented on appeal. We affirm the grant of summary judgment dismissing Nelson's complaint substantially for the reasons given by the district court.

We have considered all of Nelson's contentions on appeal and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

---

1. Nelson has abandoned, on appeal, his other constitutional claims that were dismissed be-

low. *See Cruz v. Gomez,* 202 F.3d 593, 596 n. 3 (2d Cir.2000).