James J. DUNN, Plaintiff–Appellant,

v.

William E. CARRIER, Margaret Carrier, Defendants–Appellees,

John D. Fallon, Investigator, NYS Police, John W. Graham Sr., Investigator NYS Police, Defendants.

No. 03–253.

United States Court of Appeals, Second Circuit.

June 7, 2005.

**388**

James J. Dunn, Dannemora, NY, for Appellant, pro se.

Frank K. Walsh, Assistant Solicitor General (Eliot Spitzer, New York State Attorney General, Andrea, Oser, Assistant Solicitor General of the State of New York, of counsel), Albany, NY, for Defendants–Appellees Fallon and Graham.

PRESENT: MINER, SACK, Circuit Judges, and SPATT,* District Judge.

### SUMMARY ORDER

Plaintiff-appellant James Dunn, *pro se*, appeals from: a September 17, 1999, order of the district court denying his motion to amend his complaint; the March 15, 2000, and December 11, 2001, orders granting summary judgment to defendants New York State Police Investigators John Graham and John Fallon and dismissing Dunn's complaint with respect to those defendants; and an August 13, 2003, order dismissing Dunn's complaint, pursuant to 28 U.S.C. § 1915(e), with respect to the remaining defendants, Margaret and William Carrier. Dunn's complaint alleged that the defendants, in violation of 42 U.S.C. § 1983, had engaged in a conspiracy to use excessive force against him in the course of an incident that occurred in the home of defendants Margaret and William Carrier.

We review a district court's grant of summary judgment *de novo*. *See Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir.1999). We also review *de novo* a district court's *sua sponte* dismissal of a complaint pursuant to 28 U.S.C. § 1915(e). *See Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001).

A claim under § 1983 will succeed only if the plaintiff shows that, while the defendant was acting under color of state law, the defendant deprived the plaintiff of a right guaranteed by the Constitution or laws of the United States. *See Rodriguez*

* Of the United States District Court for the Eastern District of New York, sitting by designation.

*v. Phillips,* 66 F.3d 470, 473 (2d Cir.1995). A private actor may be liable under § 1983 only if there is a sufficiently " 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.' " *Brentwood Academy v. Tenn., Secondary School Athletic Assoc.,* 531 U.S. 288, 295, 121 S.Ct. 924, 148 L.Ed.2d 807 (2001) (quoting *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)). "Where damages are sought in a section 1983 action, the defendant must be responsible for the alleged constitutional deprivation: '[T]he general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.' " *Al–Jundi v. Estate of Rockefeller,* 885 F.2d 1060, 1065 (2d Cir.1989) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1034 (2d Cir.1973)).

Dunn's claims for damages against Graham and Fallon in their official capacities are considered to be claims against the state and are therefore barred by the Eleventh Amendment. *See Kentucky v. Graham,* 473 U.S. 159, 169, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Insofar as Dunn's claims are brought against Graham and Fallon in their individual capacities, his claims were also properly dismissed.

First, with respect to Dunn's claim against Graham, Dunn has made no showing that Graham had any personal involvement in the deprivation of Dunn's constitutional rights. He merely alleged that Graham was the direct supervisor of the criminal investigation into Dunn's activities. As for the claims against Fallon, Dunn has made inconsistent allegations as to whether Fallon was in fact the officer who assaulted him. Furthermore, pursuant to both Fallon's and Graham's affidavits in support of the summary judgment motion, Fallon had gone off duty and had been relieved by Investigator Gary Schultz

more than three hours before the alleged assault took place—a fact not disputed by Dunn. Therefore, Dunn has also failed to establish any personal involvement on behalf of Fallon in the deprivation of Dunn's constitutional rights. Thus, the district court properly granted Graham's and Fallon's summary judgment motion.

After providing Dunn an opportunity to establish a nexus between the Carriers and any state actor, the district court correctly dismissed Dunn's complaint for failure to state a claim with respect to the Carriers because Dunn had failed to demonstrate that they were acting under the color of state law. *See Jackson,* 419 U.S. at 351. Dunn's conclusory allegations that the Carriers had cooperated with the police in the criminal investigation is insufficient to establish the required nexus.

Although the district court properly dismissed Dunn's complaint for failure to state a claim with respect to the defendants Dunn had named, it should have afforded Dunn the opportunity to amend the complaint to correct for mistaken identity and to name Police Investigator Gary Schultz as a defendant. A *pro se* plaintiff should be afforded an opportunity "to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *See Cruz v. Gomez,* 202 F.3d 593, 597–98 (2d Cir.2000). Because we cannot rule out the possibility that Dunn's complaint would succeed in stating a claim were Dunn allowed to amend his complaint to correct for mistaken identity, we conclude that Dunn should be afforded an opportunity to amend his complaint.

For the reasons set forth above, the judgment of the district court is hereby VACATED and the matter is remanded to the district court to allow the plaintiff-

appellant the opportunity to file an amended complaint adding Gary Schultz as a defendant. Defendant-appellee Margaret Carrier's motion to strike Dunn's appellate brief is DENIED as moot.