**Hong Zhi CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40183–AG.**

United States Court of Appeals, Second Circuit.

Oct. 18, 2005.

Gary J. Yerman, New York, NY., for Petitioner.

Edward J. McElroy, Immigration & Naturalization Service, Office of District Director, New York, NY., for Respondent.

PRESENT: CARDAMONE, KATZMANN, and RAGGI, Circuit Judges.

SUMMARY ORDER

Petitioner Hong Zhi Chen petitions for review of a June 2003 BIA order denying Chen's motion to reopen the BIA decision summarily affirming an Immigration Judge's ("IJ") decision denying Chen's applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We review the BIA's decision for abuse of discretion. See Ke Zhen Zhao v. United States Dep't

of Justice, 265 F.3d 83, 93 (2d Cir.2001). We assume the parties' familiarity with the facts and procedural history of the case. On this appeal, Chen principally challenges the BIA's failure to explain its reasoning for rejecting the evidence he submitted in support of his application including (1) the testimony of John Aird, (2) Aird's affidavit, (3) the 1998 State Department Country Report on China, and (4) the PFPL. Chen claims that this evidence supported his contention that, if returned to China, there is a reasonable likelihood that he would be forcibly sterilized.[1]

In this case, the record before the BIA did not contain the very evidence that Chen asserts the Board failed to consider. Instead, Chen made a general allegation—albeit in affidavit form—that conditions in China had changed such that he merited asylum. The only proof offered by Chen was his own affidavit and conclusory references to the passage of the PFPL in China and Aird's congressional testimony. Chen did not explain how the PFPL or Aird's testimony proved that he, himself, would be subjected to persecution if he were to return to China. Chen's motion contained no other supporting affidavits or evidentiary material to buttress his allegations, as required by 8 C.F.R. § 1003.2©(1), and was thus wholly deficient and properly denied. *See INS v. Wang,* 450 U.S. 139, 143, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981) (holding that court of appeals erred in reversing BIA's denial of motion to reopen deportation proceeding where alien's allegations were not supported by evidentiary material). Further, as this Court's review is confined to the administrative record, *see* INA § 106(a)(4), 8 U.S.C. § 1105a(a)(4), it cannot determine the rele-

vance of such evidence unless it is presented.

Chen has also failed to prove a change in personal circumstance that would support a motion to reopen. His argument, as presented in his motion to reopen, was before the IJ and provided no additional evidence to refute the conclusion by the IJ that his testimony was not credible. Accordingly, the BIA properly denied Chen's motion to reopen.

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DENIED.

---

1. Chen's brief to this Court does not challenge the IJ's denial of his claims based upon his involvement in the student democratic movement and thus has waived any such challenge. This Court "consider[s] abandoned any claims not adequately presented in an appel-

lant's brief." *Schwapp v. Town of Avon,* 118 F.3d 106, 112 (2d Cir.1997); *Cruz v. Gomez,* 202 F.3d 593, 596 n. 3 (2d Cir.2000) ("When a litigant—including a pro se litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned.").