10

Cedric REID, Plaintiff–Appellant,

v.

The CITY OF NEW YORK, New York City Police Officer, Shield # 29697, Property Clerk, Property Clerk Division, New York City Police Department, New York County's District Attorney's Office, Defendants–Appellees.

No. 04–2241–pr.

United States Court of Appeals, Second Circuit.

Dec. 26, 2006.

Cedric Reid, pro se, for Plaintiff–Appellant.

Present: ROSEMARY S. POOLER, ROBERT A. KATZMANN, B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

■ We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal. We re-

view de novo a district court's dismissal under 28 U.S.C. § 1915(e) for failure to state a claim on which relief can be granted. *See Giano v. Goord,* 250 F.3d 146, 149–50 (2d Cir.2001). A pro se plaintiff should be afforded the opportunity "to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Cruz v. Gomez,* 202 F.3d 593, 597–98 (2d Cir.2000). The district court acted prematurely in dismissing Reid's claim.

The statute of limitations for section 1983 actions arising in New York is three years. *See Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994). While New York tolling rules apply in determining whether the limitations period has been tolled, federal law determines when a federal claim accrues. *Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir.2002). A section 1983 cause of action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal quotation marks omitted). In this case, the district court assumed that Reid's claim accrued on the date of his arrest, March 6, 1999. However, in *Polanco v. U.S. Drug Enforcement Admin.,* 158 F.3d 647 (2d Cir.1998), we found that a district court erred in making just such an assumption. Instead, we held that "the specific constitutional violation alleged—the permanent deprivation of Polanco's property without notice—did not occur until sometime later, when the property was forfeited." 158 F.3d at 654. Thus, the cause of action accrued "when [the plaintiff] discovered or had reason to discover that his property had been forfeited without sufficient notice." *Id.*

To the extent that Reid seeks to bring a claim regarding property that was lost, stolen, or destroyed, the district court correctly noted that defendants would have a strong defense to Reid's claim based on the existence of adequate state post-deprivation remedies. However, "an adequate post-deprivation remedy is a defense to a Section 1983 due process claim only where the deprivation is random and unauthorized." *Butler v. Castro,* 896 F.2d 698, 700 (2d Cir.1990). Thus, it was premature to dismiss the complaint without at least offering Reid an opportunity to amend his complaint to explain why these defenses did not apply in his case.

Reid has also moved for a "default judgment" based on appellees' failure to file an appellate brief in this case. Under Federal Rule of Appellate Procedure 31(c), the court may refuse to hear oral argument from an appellee who fails to file an appellate brief. However, no other sanction is provided under the rule. Reid's motion is therefore denied.

Accordingly, for the reasons set forth above, the judgment of the district court is hereby **VACATED AND REMANDED.** Reid's motion for "default judgment" is **DENIED.**