**XI CHEN, also known as Kim Sang Chen, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–2031–ag.**

United States Court of Appeals, Second Circuit.

April 26, 2007.

**29**

Xi Chen, pro se, Jackson Heights, New York, for Petitioner.

Michael J. Sullivan, United States Attorney for the District of Massachusetts, Gina Walcott–Torres, Assistant United States Attorney, Boston, MA, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Petitioner Xi Chen, a citizen of the People's Republic of China, seeks review of a March 30, 2006 order of the BIA affirming the November 1, 2004 decision of Immigration Judge ("IJ") Noel A. Ferris denying petitioner's application for asylum and withholding of removal. *In re Xi Chen,* No. A 77 309 238 (B.I.A. March 30, 2006), *aff'g* No. A 77 309 238 (Immig. Ct. N.Y. City Nov. 1, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions— or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We liberally construe Chen's *pro se* argument that the IJ "was not correct in determining [she] was not a credible witness" to challenge sufficiently the agency's adverse credibility determination. *See Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir.2000). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility determination. While certain of the IJ's specific findings are suspect,[1] we affirm her determination because Chen's testimony was so pervasively discrepant that it was in any event appropriate for her to deem Chen's testimony

---

1. For example, it is not clear what basis the IJ had for finding implausible Chen's statements that she would practice Zhong Gong on the field of a public school, but would run away when police interrupted her practice in a private home. Additionally, it is unclear why the IJ would believe that Chen could reasonably be expected to produce a Falun Gong practitioner to corroborate her Zhong Gong practice.

incredible. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 322 (2d Cir.2006) (declining to remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded). The IJ identified inconsistencies regarding the dates of Chen's employment, the dates and venue of her Zhong Gong practice and the date of her graduation from high school. While none of the discrepancies identified by the IJ would, standing alone, be sufficient to support an adverse credibility determination because some "concern matters collateral or ancillary to the claim, . . . the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (internal citations omitted). Significant to this evaluation, the IJ repeatedly noted Chen's evasive and hesitant manner in responding to questions. This Court gives particular deference to credibility determinations that are based, as this one is in part, on the adjudicator's observation of the applicant's demeanor. *See Zhou Yun Zhang,* 386 F.3d at 73.

We lack jurisdiction to review Chen's CAT claim. *See* 8 U.S.C. § 1252(d)(1). The BIA's decision erroneously states that the IJ denied Chen's application for CAT relief; however, Chen expressly waived this claim before the IJ. Because Chen failed to make arguments or develop the record with respect to this claim, we cannot address it now. *See Karaj v. Gonzales,* 462 F.3d 113, 119–21 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. Chen's pending motion for a stay of removal is DISMISSED as moot.