10-1013-pr
Wright v. Capone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand eleven.

PRESENT:
          ROBERT A. KATZMANN,
          RICHARD C. WESLEY,
                    *Circuit Judges*,
          BRIAN M. COGAN,[*]
                    *District Judge*.

---

Alyton Wright,

          *Plaintiff-Appellant*,

                    v.                                        10-1013-pr

Maryann Genovese, Doctor, Shawangunk Correctional Facility, Cappulati, Nurse, Shawangunk Correctional Facility, Barringer, Nurse, Shawangunk Correctional Facility, Robert Capone, Medicine/Consultant Specialist, Coxsackie Correctional Facility, Jane Doe, Nurse, Coxsackie Correctional Facility, Stuart Miller, Doctor, Albany Medical Center, Jane Houghton, Medical Doctor, Albany Medical Center, Diane Finly, Nurse, Albany Medical Center, Lester N. Wright, New York State Department of Correctional Services, Pedro Diaz, Regional Health Services Administrator, Department of Correctional Services, Justin Pendergrast, Regional

---

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

Health Services Administrator at Capital Cardiology Associates,
Albany Medical Center,

        *Defendants-Appellees*.<sup>**</sup>

_____

FOR APPELLANT:          Alyton Wright, *pro se*, Auburn, N.Y.

FOR APPELLEES:          Martin A. Hotvet, Assistant Solicitor General (Barbara D. Underwood, Solicitor General; Nancy A. Spiegel, Senior Assistant Solicitor General, *of counsel*), *for* Andrew M. Cuomo, Attorney General of the State of New York, Albany, N.Y.

                                Kathleen M. Ryan, D'Agostino, Krackeler, Maguire & Cardona, P.C., Menands, N.Y.

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Alyton Wright, proceeding *pro se*, appeals the district court's judgment granting the defendants' motions for summary judgment and dismissing his 42 U.S.C. § 1983 complaint alleging that the defendants demonstrated deliberate indifference to his serious medical needs. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, Appellant argues only that two of the defendants, Dr. Maryann Genovese and Dr. Robert Capone, violated his Eighth Amendment right to adequate medical care when they failed to prescribe him effective pain medication after heart surgery. Accordingly, he has

_____

<sup>**</sup> The Clerk of Court is directed to amend the caption as set forth above.

abandoned his claims against the remaining defendants, as well as his Fourteenth Amendment claim and other Eighth Amendment claims. *See Cruz v. Gomez*, 202 F.3d 593, 596 n.3 (2d Cir. 2000) ("When a litigant—including a *pro se* litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned.").

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by the magistrate judge in his thorough and well-reasoned report and recommendation, which the district court adopted.

We have considered Appellant's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3