10-1267-pr
Linares v. Mahunik

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of June, two thousand eleven.

PRESENT: JOHN M. WALKER, JR.,
          BARRINGTON D. PARKER,
          DENNY CHIN,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

JORGE LINARES,
          Plaintiff-Appellant,

          -v.-                                    10-1267-pr

KENNETH MCLAUGHLIN,
          Defendant,

DAVID MAHUNIK, JOHN BURGE,
          Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR DEFENDANT-APPELLANT:    JORGE LINARES, pro se, Cape Vincent, New York.

FOR APPELLEE:               FRANK BRADY, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, on the brief), for Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jorge Linares, proceeding pro se, appeals from a judgment of the district court dismissing his complaint brought pursuant to 42 U.S.C. § 1983 alleging, inter alia, First Amendment retaliation.  We assume the parties' familiarity with the underlying facts and the procedural history of the case.

On appeal, Linares raises two arguments: (1) defendants' motion for summary judgment was barred by res judicata; and (2) the district court erroneously determined that he failed to exhaust his claim that corrections officer David Mahunik retaliated against him on April 17, 2005.  Because he has not raised any other issues on appeal, we consider his remaining claims abandoned.  See Cruz v. Gomez, 202 F.3d 593, 596 n.6 (2d Cir. 2000).

Linares's res judicata argument is rejected, as different standards apply to Rule 12(b)(6) motions to dismiss and Rule 56 motions for summary judgment.  On a motion to dismiss, a district court "must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003) (internal quotation marks omitted).  The denial of a defendant's motion to dismiss is not a final determination on the merits barring further litigation of the claims in question under

–2–

the doctrine of res judicata. See Allen v. McCurry, 449 U.S. 90, 94 (1980); Bernard v. Cnty. of Suffolk, 356 F.3d 495, 501-02 (2d Cir. 2004). Even after denying a motion to dismiss, a district court may still grant a summary judgment motion if, based upon the evidence presented, there was no genuine dispute as to any material fact and the moving party was entitled to judgment as a matter of law. Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1223 (2d Cir. 1994). Thus, Linares's argument is without merit.

As for Linares's second argument, the district court in fact held that he did administratively exhaust his claim that Mahunik retaliated against him on April 17, 2005 by placing a weapon in his cell and filing a false misbehavior report against him. Linares v. Mahunik, No. 05 Civ. 625 (GTS) (RFT), 2009 WL 3165660, at *4-5, 11 (N.D.N.Y. Sept. 29, 2009). We therefore construe this argument as a challenge to the district court's dismissal of his retaliation claim on the merits.

This Court reviews a grant of summary judgment de novo, applying the standard applied by a trial court. See Miller, 321 F.3d at 300. To establish a case of retaliation in violation of the First Amendment, a plaintiff must demonstrate that: (1) he engaged in protected conduct; (2) the defendant took adverse action against him; and (3) there was a causal connection between the two. See Scott v. Coughlin, 344 F.3d 282, 287 (2d Cir. 2003). A grievance against a prison official is "protected conduct." See Gayle v. Gonyea, 313 F.3d 677, 682 (2d Cir. 2002).

Linares alleged that Mahunik was aware of prior informal complaints he made against Mahunik to Deacon John Tomandle and retaliated against Linares because he made those complaints. Upon close of discovery, however, Linares presented no evidence that Mahunik was aware of these informal complaints. Moreover, Linares testified at deposition that he had no idea why Mahunik had been harassing him and that it might have been related to his criminal conviction, contradicting his claim that Mahunik retaliated against him for making informal complaints. He also failed to submit his own affidavit or an affidavit from Deacon Tomandle to support his claim. Although Linares requested permission to depose Deacon Tomandle, he only did so for the first time in his objections to the magistrate judge's report and recommendation on summary judgment -- well after the close of discovery. We thus conclude that Linares failed to meet his burden upon summary judgment. See Washington v. Cnty. of Rockland, 373 F.3d 310, 321 (2d Cir. 2004) (holding that, where movant at summary judgment demonstrates absence of genuine issue of material fact, burden shifts to nonmovant to adduce evidence establishing existence of an issue of material fact).

We have considered Linares's other arguments on appeal and have found them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-4-