11-2440-cv
Chen v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of July, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> CHESTER J. STRAUB,
> DENNY CHIN,
> > Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -x

QIN CHEN,

> Plaintiff-Appellant,

> -v.-                                        11-2440-cv

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE BUREAU OF PRISONS,

> Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:    Robert M. Ginsberg, Ginsberg & Wolf, P.C., New York, New York.

FOR DEFENDANTS-APPELLEES:   Catherine M. Mirabile, Varuni Nelson, Assistant United States Attorneys, for Loretta E. Lynch, U.S. Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Ross, J.).

**UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff–appellant Qin Chen appeals from the district court's May 26, 2011 judgment, granting the motion of defendants-appellees United States and the United States Department of Justice Bureau of Prisons ("BOP" and, collectively, "defendants") to dismiss his complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3)[1] and denying Chen leave to amend his complaint under Rule 15(a). The district court entered judgment pursuant to its opinion and order, dated May 19, 2011 and docketed May 24, 2011.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Chen filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80, in June 2009, alleging negligence and deliberate indifference in the failure of BOP personnel to prevent an assault on Chen by Filemon Timana, another inmate, that left Chen virtually blind in one eye. The assault occurred as Chen was reporting a prior attack by Timana that occurred just minutes earlier to BOP Counselor Glenford Edwards.

The district court concluded that Chen's first cause of action was barred by the discretionary function exception to the

---

[1]     The defendants also moved, in the alternative, for summary judgment pursuant to Rule 56.

-2-

FTCA, 28 U.S.C. § 2680(a), and that Chen's second cause of action, construed as a <u>Bivens</u> claim by the court, could not be sustained against the United States and the BOP as sole defendants.  It denied Chen leave to amend his complaint, finding, <u>inter alia</u>, that the proposed amendment to the second cause of action  -- a <u>Bivens</u> claim asserted against Edwards -- failed because Chen did not exhaust available administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.[2]

We have conducted an independent review of the record and affirm the judgment of the district court, albeit on different grounds.  See <u>ACEquip Ltd. v. Am. Eng'g Corp.</u>, 315 F.3d 151, 155 (2d Cir. 2003) ("Our court may . . . affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.").  Upon <u>de novo</u> review, resolving all ambiguities and drawing all inferences in Chen's favor, see <u>Nagle v. Marron</u>, 663 F.3d 100, 104-05 (2d Cir. 2011), we conclude that even assuming the BOP's actions do not fall within the discretionary function exception to the FTCA, as Chen contends, no genuine issues of material fact existed for trial, and defendants were entitled to judgment as a matter of law.

---

[2]     Chen does not address the district court's rulings regarding dismissal of, and denial of leave to amend, his second cause of action.  Accordingly, this claim is deemed abandoned. <u>See</u> <u>Cruz v. Gomez</u>, 202 F.3d 593, 596 n.3 (2d Cir. 2000).

To prevail on a claim of negligence under New York law,[3] a plaintiff must show that there was (1) a duty owed to the plaintiff by the defendant, (2) breach of that duty by the defendant, and (3) injury sustained by the plaintiff substantially as a result of the breach. Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215 (2d Cir. 2002). In New York, a correctional facility "owes a duty of care to safeguard inmates, even from attacks by fellow inmates." Sanchez v. State of N.Y., 99 N.Y.2d 247, 252-53, 255 (2002). This does not, however, render a correctional facility "an insurer of inmate safety." Id. at 253. The scope of the duty is "limited to risks of harm that are reasonably foreseeable." Id. Foreseeability is defined by actual or constructive notice. Id. at 255. In other words, for the BOP to be liable, Chen must show that it knew or should have known of the risk of harm to Chen. See id.

Here, no rational factfinder could conclude that the risk of harm to Chen was reasonably foreseeable to Edwards, much less that defendants were negligent. The incident unfolded rapidly and only as Chen was reporting the first assault by Timana to Edwards. Further, upon Timana's arrival on the scene, Timana denied the prior assault. Nevertheless, Edwards sought to move Chen from the unit while ordering Timana to "step back" twice. (Edwards Dep. 19:15-17). Immediately after the second order, Timana punched Chen. Edwards testified that between the

_____

    [3] New York law applies because the incident occurred in this state. See Makarova v. United States, 201 F.3d 110, 114 (2d Cir. 2000).

second order and the punch, he "didn't have a chance to do anything." (Edwards Dep. 19:23-24). Indeed, the entire incident -- from Timana's arrival to the assault -- lasted approximately thirteen seconds.

Moreover, Chen's principal contention on appeal -- that the district court "misstat[ed]" the facts by suggesting that Edwards walked out with Chen when the record contained evidence that Edwards walked out ahead of Chen instead of between Chen and Timana (see Appellant's Br. 9) -- is unavailing. Even assuming Edwards led Chen out, in the circumstances here, he was not negligent as a matter of law. While one could argue, with the benefit of hindsight, that Edwards should have done things differently, we cannot conclude that a reasonable corrections officer should have foreseen that Timana would assault Chen as Chen was reporting the incident and Timana was being ordered to "step back."

We have considered Chen's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

-5-