13-4626-cv
*Lewis v. Swicki*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fifteen.

PRESENT: ROBERT D. SACK,
   CHRISTOPHER F. DRONEY,
        *Circuit Judges*,
   TIMOTHY C. STANCEU,*
        *Judge.*

-------------------------------------------------------------------
CHRISTOPHER J.M. LEWIS,

      *Plaintiff-Appellant,*

      v.          No. 13-4626-cv

SWICKI, LT., BUTKIEWICUS, CAPT., STEWART, C/O,

      *Defendants-Appellees.*
-------------------------------------------------------------------

FOR APPELLANT:     CHRISTOPHER G. CLARK (Matthew J. Matule, Catherine R. Jones, Gregory L. Shiferman, *on the brief*), Boston, MA.

FOR APPELLEES:     JAMES W. CALEY, Assistant Attorney General, *for* George Jepsen, Attorney General, Hartford, CT.

---

* Chief Judge Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** to the district court for further proceedings consistent with this order.

Plaintiff-Appellant Christopher J.M. Lewis appeals from the district court's judgment granting Defendants-Appellees' motion to dismiss his complaint without granting Lewis leave to amend.[1] Lewis, who appeared *pro se* before the district court, asserts claims under 42 U.S.C. § 1983, alleging that Defendants – prison officials at the Northern Correctional Institution in Connecticut ("NCI") – violated his constitutional rights by failing to prevent another inmate from assaulting him. Lewis was stabbed by the other inmate, who had been handcuffed but slipped out of the handcuffs. We assume the parties' familiarity with the underlying facts, to which we refer only as necessary to explain our decision.

Lewis argues that the district court erred in finding that he did not allege facts sufficient to demonstrate constitutional violations by (1) Defendants Lieutenant Swicki, an intelligence officer at NCI, and Captain Butkiewicus, also of NCI, who "knew of [an] incident that took place in July of 2010" between Lewis and the inmate who later attacked him and who knew that the incident was followed by a threat of "harm . . . to . . . Lewis in the near future,"[2] J.A. 12; and (2) Defendant Correction Officer Stewart, who strip searched the other inmate just before the inmate assaulted Lewis with a concealed weapon in November 2010.

To demonstrate an Eighth Amendment violation, a prisoner must show both that (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm" and (2) "defendant prison officials possessed sufficient culpable intent." *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A prison official acts with sufficient culpable intent "if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Id.*; *see also Farmer*, 511 U.S. at 837-38 (noting that the deliberate indifference inquiry is subjective, requiring awareness of facts from which an inference could be drawn that "substantial risk of serious harm exist[ed]"). "[M]ere inadverten[ce] or negligen[ce] does not

---

[1] The district court granted Defendants' motion to dismiss on October 28, 2013. In its opinion, the district court stated that Lewis had not responded to the motion because his opposition papers were returned to him for failure to include a signed certificate of service, and he had not refiled them for over a month. The docket, however, reflects that Lewis had previously moved for an extension of time to file his opposition, and the court had granted him until November 1, 2013 to do so. Lewis then filed an opposition dated October 29, 2013, that the court received on November 7, 2013. On November 12, 2013, Lewis moved for reconsideration of the dismissal of his complaint. The district court granted Lewis's motion for reconsideration and considered the papers Lewis had filed in response to Defendants' motion to dismiss, but dismissed his complaint on the same grounds stated in its earlier opinion.

[2] Lieutenant Swicki notified Captain Butkiewicus of the prior incident "upon [Lewis's] being place[d] in Captain [B]utkiewicus['s] unit." J.A. 46.

2

violate the Eighth Amendment." *Farmer*, 511 U.S. at 860 (second and third alterations in original) (internal quotation marks omitted).

The district court concluded that the complaint's "allegations fail to support a claim that defendants Swicki and Butkiewicus were deliberately indifferent to the plaintiff's safety" for two reasons. J.A. 51-52. First, the alleged threat was that Lewis would be harmed in the "near future" but the assault did not occur until nearly six months later. Second, according to the district court, Lewis had not alleged that any defendant knew the source of the threat.

As to the first point, we are not persuaded that the fact that Lewis was not attacked for several months after the threat was made is sufficient to defeat his deliberate indifference claim at this stage. *Cf. Farmer*, 511 U.S. at 842 ("[A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."). As to the second point, Defendants concede that the district court erred because in post-complaint filings Lewis alleged that Lieutenant Swicki and Captain Butkiewicus knew the identity of the inmate involved in the July 2010 incident—Nicholas Trabakoulos.

We are mindful that "[o]n a 12(b)(6) motion, the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Morales v. N.Y. State Dep't of Corr.*, 842 F.2d 27, 30 (2d Cir. 1988) (quotation marks omitted). "Moreover, federal courts should not dismiss prisoners' pro se, in forma pauperis complaints as frivolous unless statute or controlling precedent clearly forecloses the pleading, liberally construed." *Id.* (quotation marks omitted). "[A] *pro se* complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ." *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013).

Here, Lewis alleged that both Lieutenant Swicki and Captain Butkiewicus (1) knew an incident had taken place between Lewis and Trabakoulos in July 2010, (2) knew that a threat against Lewis had been made following this incident, which put Lewis's safety in jeopardy, and (3) "fail[ed] to take corrective actions to protect [Lewis from the assault] that cause[d] [his] injuries." J.A. 12. However, Lewis does not suggest what these "corrective actions" should have been, nor does he allege any facts to support his claim that Lieutenant Swicki and Captain Butkiewicus failed to take such actions or that their failure to do so caused his injuries. *Compare with Morales*, 842 F.2d at 29, 30 (holding that *pro se* prisoner sufficiently pled a deliberate indifference claim where he alleged that a fellow inmate, from whom he had been separated following an earlier fight, "'was allowed to enter' plaintiff's housing unit . . . 'without authorization to be in the dormitory' . . . [and then] attacked plaintiff"). Nevertheless, although Lewis's allegations are sparse, we cannot "rule out any possibility. . . that an amended complaint would succeed in stating a claim." *Shomo v. City of N.Y.*, 579 F.3d 176, 184 (2d Cir. 2009) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000)). Lewis may yet show that he will "be able to adduce facts from which a rational trier of fact could conclude" that the failure of Lieutenant Swicki or Captain Butkiewicus or both to take appropriate actions to protect him "amounted to deliberate indifference." *Morales*, 842 F.2d at 30. The district court should have at the very least afforded Lewis an opportunity to replead his claims against Lieutenant Swicki

and Captain Butkiewicus. Accordingly, we vacate the district court's dismissal of Lewis's claims against Lieutenant Swicki and Captain Butkiewicus and grant Lewis leave to replead his claims against those two defendants.

As to Correction Officer Stewart, however, we conclude that Lewis has failed to plead an Eighth Amendment violation and that allowing amendment would be futile, *see Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003), because the very facts that Lewis himself has pled demonstrate that Correction Officer Stewart did not act with deliberate indifference. Lewis alleges only that Correction Officer Stewart "failed in searching [Trabakoulos] [to] find[ ] the weapon [Lewis] was attack[ed] with." J.A. 12. However, "deliberate indifference describes a state of mind more blameworthy than negligence," and "Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835 (internal quotation marks omitted). Because the problems with Lewis's claim against Correction Officer Stewart are substantive, "better pleading will not cure [them]." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, we identify no error in the dismissal of Lewis's claims against Correction Officer Stewart without affording Lewis leave to amend.

We have considered the parties' remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district Court is **AFFIRMED IN PART** and **VACATED IN PART**, and the case is **REMANDED** to the district court for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4