16-1813-cv
Randolph v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand seventeen.

PRESENT: JOHN M. WALKER, JR.,
REENA RAGGI,
PETER W. HALL,
*Circuit Judges.*

––––––––––––––––––––––––––––––––––––––––––

ILEEN RANDOLPH,
      *Plaintiff-Appellant*,

v.                                                              No. 16-1813-cv

COMMISSIONER OF SOCIAL SECURITY,
      *Defendant-Appellee*.

––––––––––––––––––––––––––––––––––––––––––

FOR APPELLANT:          Ileen Randolph, *pro se*, Brooklyn, New York.

FOR APPELLEE:          Varuni Nelson, Arthur Swerdloff, Candace Scott Appleton, Assistant United States Attorneys, *for* Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on June 3, 2016, is AFFIRMED.

Plaintiff Ileen Randolph appeals *pro se* from the judgment dismissing as untimely her complaint challenging the Commissioner of Social Security's denial of her request for Supplemental Security Income. In the district court, Randolph admitted that her complaint was untimely but argued that she was entitled to equitable tolling because she had misunderstood the relevant filing deadline and a Social Security Administration receptionist had told her that she had more time to file. The district court determined that equitable tolling was not warranted. We review that decision for abuse of discretion. *See Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005).[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

---

[1] On appeal, Randolph makes no specific arguments as to the district court's equitable tolling ruling, instead asking this court simply to "review [her] case." Appellant's Br. 2. We need not determine whether Randolph has abandoned her equitable tolling arguments, *see Cruz v. Gomez*, 202 F.3d 593, 596 n.3 (2d Cir. 2000) ("When a litigant—including a *pro se* litigant—raises an issue before the district court but does not raise it on appeal, the issue is abandoned."), because the record shows no basis for equitable tolling in any event.

2

A person may seek review of a final decision of the Commissioner of Social Security by commencing a civil action within 60 days of when the notice of decision is mailed to her, *see* 42 U.S.C. § 405(g), and receipt of the notice is generally "presumed to be 5 days after the date of such notice," 20 C.F.R. § 422.210(c). Here, the Appeals Council denied Randolph's request for review on January 20, 2015. However, Randolph did not file her complaint until April 10, 2015, some 80 days later. Insofar as Randolph sought equitable tolling of the filing deadline, the burden of demonstrating her entitlement to such relief rested with her. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). Equitable tolling applies when a litigant shows that "[s]he has been pursuing [her] rights diligently and that some extraordinary circumstance stood in [her] way." *Torres v. Barnhart*, 417 F.3d at 279 (internal quotation marks omitted). Upon reviewing the district court's stated reasons for denying Randolph equitable tolling, we conclude that the decision fell well within the court's discretion.

We have considered all of Randolph's remaining arguments and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court