24-3103-cv
*Chowdhury v. N.Y.C. Housing Auth.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-six.

PRESENT:
> STEVEN J. MENASHI,
> SARAH A. L. MERRIAM,
> *Circuit Judges,*
> SANKET J. BULSARA,
> *District Judge.*[*]

———————————————————————

Badrul Chowdhury,

> *Plaintiff-Appellant,*

v.                                                        24-3103

New York City Housing Authority, Mickhail Ginzburg, Robin Yudkovitz,

> *Defendants-Appellees.*

———————————————————————

———————————————

[*] Judge Sanket J. Bulsara of the United States District Court for the Eastern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:    Badrul Chowdhury, pro se,
                            Jamaica, NY.

FOR DEFENDANTS-APPELLEES:    No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

Badrul Chowdhury, proceeding pro se, appeals from the judgment of the district court, which sua sponte dismissed his complaint without prejudice for lack of subject matter jurisdiction. Chowdhury sued the New York City Housing Authority ("NYCHA"), his former employer—as well as two NYCHA employees—for wrongful termination, defamation, and tortious interference. The district court dismissed the complaint without prejudice for lack of subject matter jurisdiction, concluding that Chowdhury had not raised a colorable federal question and that the parties were not diverse. *Chowdhury v. NYCHA*, No. 24-CV-7263, 2024 WL 4654217, at *2 (E.D.N.Y. Nov. 1, 2024). The district court denied leave to amend as futile. *Id.* We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I

"We review de novo a district court's 'legal conclusion as to whether subject-matter jurisdiction exists.'" *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 206 (2d Cir. 2024) (quoting *A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc.*, 35

F.4th 913, 915 (2d Cir. 2022)). "We liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Kravitz v. Purcell*, 87 F.4th 111, 119 (2d Cir. 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

**II**

We agree with the district court that Chowdhury's complaint failed to establish subject matter jurisdiction. First, the complaint failed to establish jurisdiction based on a federal question. A plaintiff will properly invoke federal question jurisdiction under 28 U.S.C. § 1331 "when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Here, Chowdhury did not complete the section of the form complaint for listing the basis for federal question jurisdiction, and he did not otherwise cite or reference a federal statute or the federal Constitution. *See* App'x 5. The failure to do so does not by itself preclude jurisdiction. *Cf. McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) ("[T]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim.") (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988)). But Chowdhury's allegations are also not susceptible to a liberal construction that would raise a federal claim. The complaint accordingly failed to plead a colorable federal claim. *See Arbaugh*, 546 U.S. at 513.

Second, the complaint failed to establish jurisdiction based on diversity of citizenship. Subject matter jurisdiction under 28 U.S.C. § 1332 requires complete diversity such that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014). To demonstrate that the parties are diverse, "[t]he party asserting jurisdiction bears the burden of proof." *Id.* Here, Chowdhury did not complete the section of the form complaint that asked him to identify the citizenship of the defendants or the amount in controversy. *See* App'x 5-6. But

when he identified the parties in the complaint, Chowdhury listed a New York address for himself and for each of the defendants. As a result, he did not plausibly allege that the plaintiff and the defendants are citizens of different states. The district court did not err by concluding that the complaint failed to show that it had subject matter jurisdiction over the controversy.

### III

However, the district court erred by denying leave to amend as futile. Denials of leave to amend based on futility are reviewed de novo. *See Hutchison v. Deutsche Bank Secs. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011). "A pro se complaint 'should not be dismissed without the [c]ourt granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (alterations omitted) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). A pro se plaintiff will generally receive the opportunity "to amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). Only "a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, the district court sua sponte dismissed Chowdhury's complaint for lack of subject matter jurisdiction before alerting him to the defect and without affording any opportunity to amend. The district court concluded that leave to amend would be futile. But Chowdhury's complaint did not foreclose the possibility that "better pleading" could cure the jurisdictional defects. *Id.* Chowdhury argues in his appellate brief that, if given the opportunity to amend, he would assert claims against the defendants under the federal statutes Title VII and 42 U.S.C. § 1981 and under the Due Process and Equal Protection Clauses of the federal Constitution. *See* Appellant's Br. 11-12.

4

Although, as noted above, the complaint lacked sufficient allegations to support such a claim, "better pleading" may have done so. *Cuoco*, 222 F.3d at 112. Previously, when we could not "rule out the possibility that [a pro se plaintiff] could amend his complaint in [the] case to state a valid claim," we have decided to "vacate the judgment and instruct the district court to entertain any timely motion for amendment of the complaint." *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000). We follow that course here.

\* \* \*

We affirm the judgment insofar as the district court dismissed the complaint without prejudice for lack of subject matter jurisdiction. We vacate the judgment insofar as the district court denied leave to amend. We remand to the district court with instructions to grant Chowdhury leave to file an amended complaint. We deny as moot Chowdhury's pending motions for damages and other relief, for reversal and remand, and for a "fair determination" of the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5